IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY C. KENNEY,

      Plaintiff,

v.                                      Case No. 07-4073-RDR

KEITH EGAN et al,

      Defendants.

## ORDER

This matter comes before the court upon plaintiff's filing for "Relief Sought" (Doc. 6) titled a Motion for Miscellaneous Relief by the Clerk of the Court.

The text of plaintiff's Motion is as follows: "Plaintiff summons for to file for abritrations [sic] to the national arbitration forum for a documendationail [sic] hearing for settlement at tne [sic] defendaints [sic] expense."[1] Plaintiff's motion includes a Notice of Arbitration and a "Draft Complaint." This "Draft Complaint" states in part:

> Now comes plaintiff who files public career and oral arguments to the constittuionalism . . . Compensale [sic] . . . Plaintiff finda [sic] Company totally violates laws and compensantional [sic] laws . . . Improper illegal practices for to absolute exclud [sic] against plaintiffs [sic] employment falsly and scrutingly to disemploye [sic] from job unequal undoudetedly [sic] for no reasons, plaintiff even consulted the director . . . .

Mr. Kenney, as a *pro se* litigant, is not excused from compliance with fundamental rules of procedure.[2] Plaintiff must also file his motions on reasonably sufficient grounds. As plaintiff is currently proceeding *pro se*, the court is mindful that his motions should be liberally construed

---

[1] Relief Sought (Doc. 19). When quoting plaintiff's motion, the court will not mirror plaintiff's use of all capital letters.

[2] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995).

and held to a less stringent standard.[3]  However, this merely means that the court is required to look beyond a failure to cite proper legal authority, confusion of legal theories, and the quality of the written work itself.  Despite granting liberal construction, "the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[4]

Upon reviewing Mr. Kenney's filing for "Relief Sought", the court finds that his motion is difficult to read, fails to follow a logical pattern of thought, and is otherwise wholly without merit on its face.  To put it another way, based on both the style and substance of plaintiff's filing, the court cannot identify the precise relief plaintiff seeks.  The court reminds plaintiff that continued groundless and vexatious litigation will in some cases justify an order enjoining a litigant from filing any *pro se* claims without first seeking prior leave of the court.[5]  The court urges the Plaintiff to be mindful of these potential consequences as he proceeds with his case.

Accordingly,

IT IS THEREFORE ORDERED that plaintiff's filing for "Relief Sought" (Doc. 6) titled a Motion for Miscellaneous Relief by the Clerk of the Court is denied.

**IT IS SO ORDERED.**

Dated this 25th day of June, 2007, at Topeka, Kansas.

    s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge

---

[3] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[4] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[5] *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992).