IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY C. KENNEY,

    Plaintiff,

v.                                            Case No. 07-4073-RDR

KEITH EGAN et al,

    Defendants.

## ORDER

This matter comes before the court upon plaintiff's filing for "Motion of Memorandum Brief" (Doc. 12) titled a Motion for Hearing by the Clerk of the Court.

The text of plaintiff's Motion is as follows:

P[l]aintiff State Fair Labor Standard Acts Commentary (1938 Ti[tle]) Wagner Act Employee History Acts, Tital [sic] Disembard [sic] From Employment, Larceny of Property Pretextual Constituting and Invoking Erroneous as a matter of law 11-3-401 Prevention of Laefull [sic] Employment 1943 and 21-4-309 Employees Reemploymnet Rights Ti[tle] VII of 1964 Civil Rights Act Being Employed to This Company as Combination Welder with Certifications.  Working 6 days a week 9 1/2 hours a day to their brake department making rail road [sic] carts.  Only Finds this Director and his shop foremans are only tort and unauthorizing [sic] and deceptive to ones rights to stay employed to their company, morality to the first amendment law and the right to know law antitrust law expression 14th Amendment 109 U.S. (1883) Tariff provision part 3 Bill of Rights 1, 2, 3 Labor Conditions Noble V Oklahoma City 292, U.S. 481 (1936) Class Actions *Plaintiff ask for Documental Hearing at the Cost of Defedaints [sic] to the National Forum Arbitrations Associations Having to File Same Repeatley [sic] Charges in to many other law suits [sic] same remaining in other U.S. District Courts totalling [sic] 55 cases or more.*[1]

Included with the present motion is a "Claim Form" with "National Arbitration Forum" as a heading wherein plaintiff states "plaintiff proceeds settlement at the expense of the defendants.  Plaintiff asks for document hearing . . . of same cases under . . . 1964 Civil Act.

---

[1] Relief Sought (Doc. 19) (emphasis added).  When quoting plaintiff's motion, the court will not mirror plaintiff's use of all capital letters.

Plaintiff files pro se."[2]  In this form, plaintiff has listed himself as a claimant and "Millennium Inc." and Kieth Egan as respondents.

Mr. Kenney, as a *pro se* litigant, is not excused from compliance with fundamental rules of procedure.[3]  Plaintiff must also file his motions on reasonably sufficient grounds.  As plaintiff is currently proceeding *pro se*, the court is mindful that his motions should be liberally construed and held to a less stringent standard.[4]  However, this merely means that the court is required to look beyond a failure to cite proper legal authority, confusion of legal theories, and the quality of the written work itself.  Despite granting liberal construction, "the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[5]

Upon reviewing Mr. Kenney's filing for  "Motion of Memorandum Brief", the court finds that his motion is difficult to read, fails to follow a logical pattern of thought, and is otherwise wholly without merit on its face.  To put it another way, based on both the style and substance of plaintiff's filing, the court cannot identify the precise relief plaintiff seeks.  The court has also found two of plaintiff's previous motions equally confusing and without merit.[6]  The court reminds plaintiff that continued groundless and vexatious litigation will in some cases justify an order enjoining a litigant from filing any *pro se* claims without first seeking prior leave

---

[2]*Id.* at p. 2.

[3] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995).

[4] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[6]*See* Order Denying without Prejudice Plaintiff's Motion for Leave to Proceeding In Forma Pauperis (Doc. 5); Order Denying Plaintiff's Motion for Relief Sought (Doc. 7).

of the court.[7]  The court urges the plaintiff to be mindful of these potential consequences as he proceeds with his case.

To the extent the present motion asks the court to compel the "National Arbitration Forum" to attend a hearing regarding certain documents, such relief is unwarranted.  Because the National Arbitration Forum is not a party to this lawsuit it is improper to file motions directed at this entity.  Therefore, the court finds that plaintiff's motion is inappropriate, is otherwise without merit on its face, and will therefore be denied.

Moreover, to the extent plaintiff seeks to hold a hearing with defendants and the court regarding certain documentation, such relief is premature.  Fed. R. Civ. P. 26(d) provides in part "Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  The parties have not held their conference as required by Rule 26(f) and, as such, a "documental hearing" is premature.

Accordingly,

IT IS THEREFORE ORDERED that  plaintiff's filing  "Motion of Memorandum Brief" (Doc. 12) titled a Motion for Hearing by the Clerk of the Court is denied.

**IT IS SO ORDERED.**

Dated this 31st day of July, 2007, at Topeka, Kansas.

 s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[7]*See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992).